### Daniels v. Commonwealth.

(Decided January 20, 1931.)

C. A. DENNY for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Cephas Daniels appeals from a judgment convicting him of storehouse breaking, and fixing his punishment at one year's imprisonment.

A reversal is asked on the ground that the evidence was neither sufficient to take the case to the jury, nor to sustain the verdict. The facts disclosed by the evidence for the commonwealth are these: Simon Carter owns a farm near Trenton, in Todd county, which was occupied by a tenant by the name of Smith Brown. On Saturday night next preceding New Year's Day a barn on the premises was entered and two sacks of tobacco fertilizer were stolen. The doors of the barn had been fastened. On discovery of the crime Carter and Brown examined the premises and detected traces of fertilizer on the ground near the door of the barn, and also saw fresh tracks of a horse and buggy in front of the barn door. The tracks appeared to have been made by a vehicle with rubber tires, and by a horse that was shod all around. A short time thereafter appellant, who had been promised some loose baling wire the evening before, drove up to the barn in a no-top buggy. The buggy had rubber tires and the horse was shod on each foot. Both Carter and Brown noticed that the bottom of appellant's buggy was covered by siftings from a sack of fertilizer. Their suspicions being aroused, Carter and Brown went to the farm of Daniel, who lived several miles away, and found in his granary two sacks of fertilizer, which Carter identified as those taken from his barn. On being arrested, appellant first told the deputy sheriff that there was no fertilizer on his place, but afterwards stated it was there when he moved on the premises. Horace Daniel, who had occupied appellant's farm up until about ten days or two weeks before appellant moved there, stated that

he left no fertilizer of any kind in the granary, but did leave one sack in the gear room. He did not go and get the sack in the gear room until after the two sacks in the granary had been returned to Carter.

On the other hand, appellant testified that he was in Trenton on Saturday night, and arranged with Mr. Brown about getting some wire from him. About half an hour after talking to Mr. Brown he went to his home, which was about six miles from Trenton. He never went to the Carter barn and got anything out of it that night or at any other time, until he went there Sunday morning and got the wire. He had a rubber-tired buggy, but his horse had no shoes in front. When arrested he told them it would be all right to search the premises. The two sacks of fertilizer that were found in the granary were there when he moved on the premises, and he supposed that it belonged to Horace Daniel. Appellant's evidence to that effect was corroborated by his nephew, Edward Daniel, by Elder Green, and to some extent by another nephew, Curtis Daniel, though he does not claim to have seen the fertilizer until some uncertain Sunday morning after they moved there.

Summing up the case, we find on the one hand the entry of the barn and the removal of the fertilizer, tracks at the scene of the crime corresponding to those made by the horse and vehicle driven by appellant, the finding of the fertilizer on appellant's premises, its identification by the owner, and proof that it was not left there by the former occupant, coupled with appellant's denial that it was on the farm. On the other hand, we have appellant's denial that he took the fertilizer, fortified by his own evidence and that of other witnesses that the fertilizer was on the premises at the time he moved there. It is at once apparent that the situation is such that it cannot be said that the evidence was insufficient either to take the case to the jury, or to sustain the verdict.

Judgment affirmed.